IN THE UNITED STATED SITRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Case Nos. 03 CR 50057-1 & 13 C 50296 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Anthony Thompson, ) | Judge Philip G. Reinhard |
| ) | |
| Defendant. ) | |

**ORDER**

     For the reasons stated below, that portion of petitioner Anthony Thompson's "combined motion" for a reduction and/or correction of sentence [210] seeking a correction of sentence pursuant to 28 U.S.C. § 2255 is dismissed. The portion of the "combined motion" seeking relief under 18 U.S.C. § 3582(c)(2) is denied .

**STATEMENT-OPINION**

     On June 15, 2004, Petitioner Anthony Thompson ("Thompson") pled guilty to count one of illegal firearms dealing in violation of 18 U.S.C. § 922(a)(1)(A) and count fifteen for illegal cocaine base distribution in violation of 21 U.S.C. § 841(a)(1). [105]. On November 10, 2004, the court sentenced Thompson to a term of 188 months imprisonment, 60 months on count one and 188 months concurrent on count fifteen.[1]

     Less than one year after he was sentenced, Thompson filed a motion under 28 U.S.C. § 2255, requesting that the court vacate his sentence.[2] In his § 2255 motion, Thompson argued his sentence should be vacated because he was denied effective assistance of counsel. Specifically, he claimed his attorney was ineffective because he failed to inform Thompson that his plea agreement waived Thompson's right to appeal his sentence. After the Government responded and pointed out that his plea agreement did not waive such appeal rights, Thompson sought leave to amend the petition. [7]. The

---

[1] The indictment, plea, sentencing records, motions for a reduction under 18 U.S.C. § 3582, and the instant motion appear under case number 03-CR-50057-1.

[2] Because Section 2255 petitions are technically civil cases which allege constitutional violations that entitle a prisoner to relief or a reduction in sentence, the Clerk of the District Court appropriately opened up a new case civil case file for Thompson's Section 2255 motions. That case bears the number 05-CV-50135.

court granted this request and shortly thereafter Thompson filed an amended motion under § 2255. [7]-[8][3]. In the amended motion, Thompson argued he was denied effective assistance of counsel because his attorney failed to consult him regarding his appeal rights. [9]. On May 25, 2006, the court denied Thompson's amended § 2255 motion and dismissed the case in its entirety. [12].

Over a year after the dismissal, Thompson sought leave to file an untimely, successive § 2255 motion. [19]. In that motion, Thompson claimed he did not receive the court's May 2006 ruling until May 2007. While the court initially denied this request, on August 20, 2007 the court vacated its prior ruling pursuant to *Shepeck v. United States*, 150 F.3d 800 (7th Cir. 1998) and granted Thompson leave to file a second § 2255 motion that raised issues which could have been addressed in his original § 2255 petition in the absence of a direct appeal. [26]. Despite these instructions, Thompson reiterated many of the same arguments he asserted in his first § 2255 motion and again argued he was denied effective assistance of counsel because his lawyer failed to consult with him regarding his appeal rights. [30]. In denying this motion, the court found the Government's affidavit from Thompson's trial counsel persuasive. [33]. In that affidavit, Thompson's lawyer averred that Thompson had informed him that he did not intend to file an appeal and stated that Thompson never instructed him to do so. *Id.* Because Thompson failed to present evidence to the contrary, the court denied his second § 2255 petition.

Shortly after this ruling, Thompson filed a motion for re-sentencing pursuant to 18 U.S.C. § 3582.[4] [160]. In that motion, Thompson claimed he was eligible for the retroactive application of the crack cocaine amendments to the Sentencing Guidelines, specifically relying upon Amendments 706 and 711. *Id.* The court denied this motion and explained that Thompson did not qualify for a reduction of sentence because Amendment 706 did not affect the court's calculation of Thompson's gun trafficking convictions. [168]. Thompson appealed, but the Seventh Circuit affirmed the court's order on May 1, 2009. [182].

From May 2009 to 2012, Thompson filed two additional motions seeking a reduced sentence under 18 U.S.C. § 3582 asserting different amendments warranted relief. Both of these motions were denied. *See* [198], [201].

This extensive procedural history brings the court to Thompson's instant motion which he filed on July 19, 2013. [210]. Thompson labels this motion a "combined 18 [*sic*] § 3582 and 28 [*sic*] § 2255(f)3 petition for reduction of sentence, and correction of sentence."[5] *Id.* In the "combined motion" Thompson asserts that his sentence should be reduced pursuant to the recent United States Supreme Court case *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013).

---

[3]The Seventh Circuit has held that "a proposal to amend one's first [2255] motion is not a 'second' motion, at least when the first has not yet reached a final decision." *Vitrano v. United States*, 643 F.3d 229, 233-34 (7th Cir. 2011) (citations omitted); *see also Rutledge v. United States,* 230 F.3d 1041, 1051 (7th Cir.2000) ("Until a final ruling has been issued, a district court must consider a petitioner's request to amend his § 2255 motion, though the court need not grant the requested amendments.").

[4]Thompson's motions for re-sentencing under 18 U.S.C. § 3582 were filed under his criminal case which bears the case number 03-CR-50057-1.

[5]The instant motion is also filed under Thompson's criminal case, 03-CR-50057-1.

Setting aside the fact that motions under 18 U.S.C. § 3582 and 28 U.S.C. § 2255 seek distinct forms of collateral relief,[6] and should have been filed as separate motions, the court is cognizant of the fact that Thompson is proceeding *pro se* and excuses the error. *See Ward v. Jenkins*, 613 F.3d 692, 697 (7th Cir. 2010) (*pro se* proceedings are liberally construed). Nevertheless, this court has ordered the Clerk of the District Court to open a new civil case for the purpose of the Section 2255 portion of this combined motion.

All that said, in this Order the court first addresses Thompson's assertion that he "has never filed a 28 [*sic*] § 2255" petition. [210] at 5. In light of the discussion above, it is abundantly clear that this is not accurate. Thompson has filed two prior motions under Section 2255. To the extent this motion seeks relief under § 2255(f)3, Thompson must receive the Seventh Circuit's permission before this court can entertain any arguments. *See* 28 U.S.C. § 2255(h) (stating that a successive petition under 2255 must be certified by a panel of the appropriate court of appeals). Thus, the court treats all of Thompson's assertions for relief including the retroactive application of *Alleyne*[7] as a successive petition under section 2255 and dismisses that part of the "combined motion." *See Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) (if a defendant files a successive section 2255 motion challenging the same conviction or sentence he must first gain authorization from the court of appeals, as the district court does not have jurisdiction to consider the motion).

The court turns next to Thompson's assertion that the Fair Sentencing Act of 2010 warrants a reduction in sentence. While unclear, this appear to be the basis of relief sought under 18 U.S.C. § 3582(c)(2).

18 U.S.C. § 3582 allows a court to modify a prisoner's sentence if the prisoner was sentenced under a sentencing range that was subsequently lowered by the Sentencing Commission and made retroactive. However, once a Section 3582(c)(2) motion has been resolved, a prisoner may not file successive motions premised upon the same statute or amendment. *United States v. Morales*, __ Fed. Appx. __, No. 12-3032, 2013 WL 3821756 at *1 (7th Cir. July 25, 2013). In his first § 3582 motion, Thompson relied upon Amendments 706 and 711. [160]. In his second § 3582 motion, he relied upon Amendment 599. [184]. In his third § 3582 motion, he referenced Amendment 750. [188]. Relief pursuant to Section 3582(c)(2) was denied in each of Thompson's filings.

---

[6]Section 2255 applies to challenges to the validity of convictions and sentences and asserts that a constitutional violation entitles a prisoner to relief and is civil in nature. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). On the other hand, Section 3582(c)(2) affords prisoners the chance to assert that their sentence should be modified because the conviction for which the prisoner was sentenced has been lowered by the Sentencing Commission. Courts have determined that motions under § 3582(c)(2) are criminal in nature. *United States v. Booker*, 352 Fed. Appx 102, 103 (7th Cir. 2009).

[7]The court notes that even if this was Thompson's first Section 2255 petition, his claim regarding the retroactive application of *Alleyne* would fail. The Seventh Circuit has explicitly held that *Alleyne* cannot apply retroactively on collateral attack. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). In *Simpson*, the court explained that *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (7th Cir. 2000) and the Supreme Court Justices have determined that "other rules based upon *Apprendi* do not apply retroactively on collateral review." *Id.* (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004)).

In the instant motion, Thompson references the Fair Sentencing Act of 2010. He fails to elaborate, however, as to how the Fair Sentencing Act of 2010 applies to his case and fails to specify which Amendment allegedly entitles him to relief. Even if the court assumed Thompson is relying upon a new Amendment that he has not previously asserted, the Fair Sentencing Act of 2010 is inapplicable here. In *United States v. Robinson*, a prisoner appealed a district court's denial of his Section 3582(c)(2) motion and argued that Amendments 748 and 750 of the Fair Sentencing Act of 2010 required that his mandatory minimum sentence be reduced. 697 F.3d 443, 444-45 (7th Cir. 2012). In rejecting this argument, the Seventh Circuit noted that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Id.* at 445 (citing *Dorsey v. United States*, ___ U.S. __, 132 S. Ct. 2321, 2335 (2012)). Thompson was sentenced in 2004, six years before the Act became effective. Thus, pursuant to *Robinson*, the Fair Sentencing Act of 2010 does not apply to offenders like Thompson. *Id.*

The court finds Thompson's other arguments equally unavailing. He dedicates a substantial portion of the motion arguing that the court erred in originally calculating his total offense level for his drug conviction and also erred in denying his 2008 motion under 18 U.S.C. § 3582(c)(2). However, as the court has repeatedly explained, the amended crack cocaine sentencing guidelines do not affect the court's calculation of Thompson's gun trafficking charges. *See* [168] citing 1B1.10, app. note 1.(A). Moreover, Thompson fails to point to a new statute or amendment which has lowered his sentencing range, been approved by the Sentencing Commission, and been made retroactive. Finally, Thompson is not entitled to successive motions in response to a given change in the Guidelines to make a different or better argument. *See United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011) (prisoners are not "entitled to more than one opportunity to request a lower sentence, for any given change in the Guideline range.") Because of this, the court lacks jurisdiction to address Thompson's additional arguments. *See United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir. 2008) (explaining that Section 3582(c)(2) provides exceptions to the general rule that district courts lack jurisdiction to revisit sentences already imposed). Accordingly, relief under Section 3582(c)(2) is denied.

For these reasons, that portion of petitioner Anthony Thompson's "combined motion" for a reduction and/or correction of sentence [210] seeking a correction of sentence pursuant to 28 U.S.C. § 2255 is dismissed. The portion of the "combined motion" seeking relief under 18 U.S.C. § 3582(c)(2) [210] is denied .

Date: 9/12/2013                     ENTER:

*Philip G. Reinhard* (signature)

Notices mailed by Judicial Staff.
(LC)